## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONDA BERENS, DALTON KELLY, | : | CIVIL CASE NO. |
| DILARA BAUNACH, JANE DOE 1, | : | 3:24-CV-01188 (JCH) |
| JANE DOE 2, JANE DOE 3, JANE DOE 4, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| YALE NEW HAVEN | : | DECEMBER 9, 2024 |
| HEALTH SERVICES CORPORATION, | : | |
|     Defendant. | : | |

**RULING ON MOTION FOR LIMITED PERMISSION TO FILE COMPLAINT USING PSEUDONYMS (DOC. NO. 12)**

The plaintiffs, Ronda Berens ("Ms. Berens"), Dalton Kelly ("Mr. Kelly"), Dilara Baunach ("Ms. Baunach"), Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4, bring this suit against the defendant, Yale New Haven Health Services Corporation ("Yale New Haven Health"). Under Count One of the Complaint, the plaintiffs allege the defendant violated the Due Process Clause of the U.S. Constitution, for which the plaintiffs seek redress under section 1983 of title 42 of the U.S. Code. Complaint (Doc. No. 1) ("Compl."). Under Count Two, the plaintiffs allege the defendant violated the Equal Protection Clause of the Fourteenth Amendment and seek redress under section 1983. Id.

Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4 ("the anonymous plaintiffs") filed a Motion for, and Memorandum in Support of, Limited Permission to File Complaint Using Pseudonyms (Doc. No. 12) ("Pl.s' Mem."). The defendant opposes the Motion and asks the court to order the plaintiffs to amend the Complaint to include the legal names of the anonymous plaintiffs. Defendant's Objection to Motion to File and Proceed Using Pseudonym (Doc. No. 20) ("Def.'s Obj."); Memorandum of Law in

1

Support of Objection to Motion to File and Proceed Using Pseudonym (Doc No. 20-1) ("Def.'s Opp'n").

For the reasons discussed below, the court denies the Motion.

I. BACKGROUND[1]

The plaintiffs are current and former employees of Yale New Haven Health, a Connecticut Corporation. Compl. at ¶¶ 10–18. Starting on July 12, 2021, Yale New Haven Health required the plaintiffs to receive a COVID-19 vaccine or submit weekly negative COVID-19 test results. Id. at ¶ 26. On October 18, 2021, Yale New Haven Health terminated Ms. Berens and Mr. Kelly for refusing to receive COVID-19 vaccinations. Id. at ¶ 31. Ms. Baunach and the anonymous plaintiffs received exemptions from Yale New Haven Health's COVID-19 vaccination policy and, accordingly, were required to submit negative COVID-19 test results each week. See id. at ¶¶ 31–33 (explaining that the "remaining plaintiffs," those other than Ms. Berens and Mr. Kelly, were exempt). Yale New Haven Health ended its COVID-19 testing policy on August 1, 2022. Id. at ¶ 58.

On February 11, 2022, Yale New Haven Health announced that its employees would be required to receive a COVID-19 booster as a condition of employment. Id. at ¶ 29. It is not clear from the Complaint whether the exemptions just described apply to the COVID-19 booster policy.

II. DISCUSSION

Under Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties[.]" This requirement "serves the vital purpose of facilitating public

---

[1] The court limits its summary of the alleged facts to those that are necessary for the court to decide the Motion at issue.

scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188–89 (2d Cir. 2008). In some circumstances, however, the use of pseudonyms in civil litigation is appropriate. Id. at 189. When determining whether pseudonyms are appropriately used, the court, in its discretion, must balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." Id. at 189–90. The Second Circuit has offered ten factors for courts to consider when undertaking this balancing:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously . . . ; (3) . . . whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented . . . there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." Id. at 191 n. 4.

The first factor favors disclosure. This case involves a company policy requiring COVID-19 vaccination or testing, and, therefore, is not a highly sensitive matter. Indeed, "[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably

3

secretive about their medical problems." Doe v. New York State Dep't of Health, No. 1:20-CV-04817-GHW, 2020 WL 5578308, at *3 (S.D.N.Y. Sept. 17, 2020).

The second, third, and fourth factors also favor disclosure. The anonymous plaintiffs argue that they are justifiably concerned that Yale New Haven Health will retaliate against them if their names are disclosed. Pl.s' Mem. at 6–7. In support of this concern, the anonymous plaintiffs suggest in their memorandum that at least two of the named plaintiffs were terminated because they initiated this litigation. See id. at 7. The Complaint, however, asserts that at least two of the three named plaintiffs, Ms. Berens and Mr. Kelly, were terminated for refusing to comply with Yale New Haven Health's vaccination policy, not for initiating this lawsuit. Compl. at ¶¶ 12–13.[2] The anonymous plaintiffs represent that they are concerned that revealing their names may also harm their professional reputations and livelihoods. See Pl.s' Mem. at 7. However, "courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." Doe v. Gerken, No. 3:21CV01525(SALM), 2022 WL 167914, at *3 (D. Conn. Jan. 18, 2022). Finally, the anonymous plaintiffs, being of working age, do not appear to be especially vulnerable such that using pseudonyms, even temporarily, would be necessary to protect them from harm. Compare Doe v. Avon Old Farms Sch., Inc., No. 3:21-CV-748 (JAM), 2023 WL 2742330, at *1 (D. Conn. Mar. 31, 2023) (explaining that it is appropriate for a case brought by minors challenging COVID-19 vaccination to proceed using pseudonyms); with New York State Dep't of Health, 2020 WL 5578308, at *6 (denying a motion to proceed pseudonymously filed by a college-aged plaintiff challenging COVID-19 vaccinations).

---

[2] Neither the Complaint nor the plaintiffs' memorandum explain why Ms. Baunach, the third named plaintiff, was terminated by Yale New Haven Health. See Compl. at ¶ 13; Pl.s' Mem. at 2.

4

Similarly, the fifth factor favors disclosure because Yale New Haven Health is a private employer. Compl. at ¶¶ 10, 34. "[S]uits against private parties may cause damage to their good names and reputations—which supports denying a request to proceed anonymously." Doe v. Paychex, Inc., No. 3:17-CV-2031(VAB), 2020 WL 219377, at *11 (D. Conn. Jan. 15, 2020).

Turning to the sixth factor, it too favors disclosure because nondisclosure risks prejudicing Yale New Haven Health. The anonymous plaintiffs argue that Yale New Haven Health would not be prejudiced by the use of pseudonyms because this case includes named plaintiffs, and Yale New Haven Health could undertake a preliminary investigation based on the allegations in the Complaint. Pl.s' Mem. at 8. Yale New Haven Health convincingly argues that the use of pseudonyms, even temporarily, would cause it prejudice because it would inhibit its ability to conduct a thorough investigation; diminish its ability to evaluate the merits of any arguments it may wish to raise as part of motion practice; and complicate its obligation to retain documents that may relate to this case. Def.'s Opp'n at 6–7.

Aside from the seventh factor, which may favor nondisclosure, the remaining factors—eight, nine and ten—all favor disclosure. Factor eight favors disclosure because "identifying the parties to [a] proceeding is an important dimension of publicness [because] [t]he people have a right to know who is using their courts." Sealed Plaintiff, 537 F.3d at 189; see also Doe v. Delta Airlines Inc., 672 F. App'x 48, 52 (2d Cir. 2016) (summary order) (noting the "public interest in scrutinizing judicial proceedings"). Factor nine similarly favors disclosure because the claims presented in the Complaint appear to present mixed questions of fact and law, rather than purely

legal questions that might favor nondisclosure. Finally, the anonymous plaintiffs may seek to maintain some confidentiality by moving to seal or redact sensitive filings. Because the anonymous plaintiffs have other methods of maintaining confidentiality, the tenth factor favors disclosure.

Accordingly, the court concludes that the anonymous plaintiffs' interests in anonymity is outweighed by the public's interest in disclosure and the risk that nondisclosure may prejudice Yale New Haven Health. Therefore, the anonymous plaintiffs may not proceed using pseudonyms.

## III.   CONCLUSION

For the reasons stated above, the court denies the anonymous plaintiffs' Motion for Limited Permission to File Complaint Using Pseudonyms (Doc. No. 12). The court orders the plaintiffs to file an Amended Complaint including the legal names of the anonymous plaintiffs within fourteen (14) days of the filing of this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of December 2024.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge